IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JAMES H. KENION, | ) | |
| | ) | Civil No. 04-1465-ST |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| ASBURY AUTOMOTIVE OREGON | ) | |
| LLC, a Delaware corporation, dba | ) | |
| Thomason Auto Group, | ) | |
| | ) | |
| Defendant. | ) | |

STEWART, Magistrate Judge:

## **INTRODUCTION**

This case involves race discrimination and wage claims alleged by plaintiff, James H. Kenion ("Kenion"), who is African-American, against his former employer, defendant, Asbury Automotive Oregon, LLC, dba Thomason Auto Group ("Thomason"), arising from the termination of his employment. Kenion alleges that he was subjected to discriminatory treatment and unlawfully terminated based on race in violation of 42 USC § 1981 (First Claim),

42 USC § 2000e-2(a) ("Title VII") (Second Claim), and ORS 659A.030 (Third Claim). He also alleges that at the time of his termination, he was entitled to payment for earned commissions which have not been paid in violation of ORS 652.140 (Fourth Claim).

On May 4, 2005, this court granted the motion by Kenion's counsel to withdraw from further representation (docket #15). On June 27 and July 12, 2005, Kenion failed to appear for his noticed depositions. Affidavit of Lawrence Schuckman ("Schuckman Aff"), ¶ 5 & Exhibit 9.

On July 26, 2005, Thomason filed a Motion for Summary Judgment (docket #25) after first trying unsuccessfully over the course of 10 days to confer by telephone with Kenion. *Id*, ¶ 9. Because Kenion was no longer represented by counsel, this court issued a Summary Judgment Advice Order to *Pro Se* Plaintiff on July 26, 2005 (docket #27), which instructed Kenion how to respond to the Motion for Summary Judgment and also advised that "material facts set forth in the moving party's concise statement will be deemed admitted unless specifically denied, or otherwise controverted." Although Kenion's response to the Motion for Summary Judgment was due by August 25, 2005, none has been filed.

## **STANDARDS**

FRCP 56(c) authorizes summary judgment if "no genuine issue" exists regarding any material fact and "the moving party is entitled to judgment as a matter of law." The moving party must show an absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 US 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and designate specific facts showing a "genuine issue for trial." *Id* at 324, citing FRCP 56(e). The court must "not weigh the evidence or determine the truth of the matter, but

only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F3d 1047, 1054 (9th Cir 1999) (citation omitted). A "'*scintilla* of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F2d 1539, 1542 (9th Cir), *cert denied*, 493 US 809 (1989) (emphasis in original) (citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F2d 626, 631 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party." *Id* (citation omitted). Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party. *Id* at 631.

Additionally, the Ninth Circuit has set a high standard for granting summary judgment in employment discrimination cases. "[W]e require very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry – one that is most appropriately conducted by the factfinder, upon a full record." *Schnidrig v. Columbia Mach., Inc.*, 80 F3d 1406, 1410 (9th Cir) (internal citations and quotations omitted), *cert denied*, 519 US 927 (1996).

## DISCUSSION

Because Kenion failed to file a response to Thomason's Concise Statement of Material Facts, those facts are deemed admitted as required by Local Rule 56.1(f). Based on those admitted facts, Thomason terminated Kenion from his employment as Assistant Sales Manager on January 20, 2004, based on repeated violations of its Internet Policy. Affidavit of Holly Filbert ("Filbert Aff"), ¶¶ 5-7, 9-12; Affidavit of David Hatcher, ¶¶ 1-3; Affidavit of Catherine

Brown, ¶¶ 1-2; Schuckman Aff, ¶¶ 2-3 & Exhibits 4-5.  Although Kenion informed Thomason's Human Resources Department of potentially offensive comments made by two other employees on January 3 and 9, 2004, Kenion said that he was not offended by those comments and declined an opportunity to make a complaint.  Filbert Aff, ¶ 8.  There is no evidence that this reason for termination was a pretext for race discrimination.

In addition, the admitted facts reveal that Thomason does not owe Kenion for any unpaid commissions.  Thomason paid Kenion fully on February 10, 2004, within 30 days of his termination, for commissions earned in January 2004.  Filbert Aff, ¶¶ 13-14; Schuckman Aff, ¶¶ 6-8 & Exhibits 11 & 12.[1]

Accordingly, based on the lack of any genuine issue of material fact, Thomason should be granted summary judgment as to all claims alleged by Kenion.

## RECOMMENDATION

Defendant's Motion for Summary Judgment (docket #25) should be GRANTED as to all of plaintiff's claims and  Judgment should be entered in favor of defendant and against plaintiff.

## SCHEDULING ORDER

Objections to the Findings and Recommendation, if any, are due September 26, 2005.  If no objections are filed, then the Findings and Recommendation will be referred to a district court judge and go under advisement on that date.

///

---

[1] Although Thomason submits that it agreed to forgive more than $14,000 that Kenion owed Thomason, it submitted only the unsigned Affidavit of Robert Armstrong as support.  An unsigned affidavit is not competent evidence and cannot be considered.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district court judge and go under advisement.

DATED this 6th day of September, 2005.

s/ Janice M. Stewart
JANICE M. STEWART
United States Magistrate Judge